United States Courts
Southern District of Texas
FILED
*December 27, 2023*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**LAREDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 5:23-CR-1453-S |
| § | |
| § | |
| 1) EMANUEL ISAC CELEDON § | |
| 2) JOSE OSVALDO ZAPATA VASQUEZ § | |
| 3) HOMERO ROMERO HERNANDEZ § | |
| 4) BEATRIS GUADALUPE MARTINEZ § | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

On or about **November 14, 2023**, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**EMANUEL ISAC CELEDON,
JOSE OSVALDO ZAPATA VASQUEZ,
HOMERO ROMERO HERNANDEZ, and
BEATRIS GUADALUPE MARTINEZ,**

knowing and in reckless disregard of the fact that K.C.C., was an alien who had not received prior official authorization to come to, enter, and reside in the United States, did bring and attempt to bring to the United States, such alien, in any manner whatsoever, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

### COUNT TWO

On or about **November 14, 2023**, in the Southern District of Texas and within the

jurisdiction of the Court, Defendants,

**EMANUEL ISAAC CELEDON,**
**JOSE OSVALDO ZAPATA VASQUEZ,**
**HOMERO ROMERO HERNANDEZ, and**
**BEATRIS GUADALUPE MARTINEZ,**

knowing and in reckless disregard of the fact that E.D.V., was an alien who had not received prior official authorization to come to, enter, and reside in the United States, did bring and attempt to bring to the United States, such alien, in any manner whatsoever, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about **November 14, 2023**, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**EMANUEL ISAAC CELEDON,**
**JOSE OSVALDO ZAPATA VASQUEZ,**
**HOMERO ROMERO HERNANDEZ, and**
**BEATRIS GUADALUPE MARTINEZ,**

knowing and in reckless disregard of the fact that S.M.H., was an alien who had not received prior official authorization to come to, enter, and reside in the United States, did bring and attempt to bring to the United States, such alien, in any manner whatsoever, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about **September 4, 2023**, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**EMANUEL ISAC CELEDON, and**
**BEATRIS GUADALUPE MARTINEZ,**

knowing and in reckless disregard of the fact that J.V.Z., was an alien who had not received prior official authorization to come to, enter, and reside in the United States, did bring and attempt to bring to the United States, such alien, in any manner whatsoever, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

### NOTICE OF CRIMINAL FORFEITURE – COUNTS 1 THROUGH 4
(18 U.S.C. 982; 8 U.S.C. 1324; 28 U.S.C. 2461(c))

The allegations contained in this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture. Pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c), the United States gives notice to the Defendants:

| | |
|---|---|
| **EMANUEL ISAC CELEDON** | Counts 1, 2, 3, 4 |
| **JOSE OSVALDO ZAPATA VASQUEZ** | Counts 1, 2, 3 |
| **HOMERO ROMERO HERNANDEZ** | Counts 1, 2, 3 |
| **BEATRIS GUADALUPE MARTINEZ** | Counts 1, 2, 3, 4 |

that upon conviction of any of the offenses set forth in Counts one through four of the superseding indictment, the Defendants shall forfeit to the United States: a) any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offenses, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(i); b) any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses, and any property, real or personal, that was used to facilitate, and was intended to be used to facilitate, the commission of the offenses, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii); and c) any conveyance, including any vessel, vehicle, or aircraft that has been or

is being used in the commission of the offenses, the gross proceeds of such violations, and any property traceable to such conveyances or proceeds, pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code 2461(c), including the following property:

a) $1,980 United States currency; and

b) United States currency money judgment of forfeiture against the following defendants in the amount equal to the value of any property, real or personal, the constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from these offenses, and the gross proceeds of these offenses, and any property traceable to such proceeds, specifically for the sums:

| | |
|---|---|
| **EMANUEL ISAC CELEDON** | $10,000 |
| **JOSE OSVALDO ZAPATA VASQUEZ** | $5,000 |
| **HOMERO ROMERO HERNANDEZ** | $5,000 |
| **BEATRIS GUADALUPE MARTINEZ** | $5,000 |

## SUBSTITUTE ASSETS

In the event that any of the property described above, as a result of any act or omission of the Defendants,

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and (6), Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 853(p), and the procedures

set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

Jennifer L. Day
Richard W. Bennett
Assistant United States Attorneys

USA-74-24b
(Rev. 3-14-23)

# CRIMINAL DOCKET

**LAREDO DIVISION**                        NO 5:23-CR-1453-S

FILE: 23-07401, 23-07620     MAG#: 23-02064, 23-02139
SUPERSEDING INDICTMENT

Judge: Diana Saldaña

Filed: December 27, 2023

ATTORNEYS:

UNITED STATES OF AMERICA

VS.

ALAMDAR S. HAMDANI, USA
JENNIFER L. DAY, AUSA
RICHARD W. BENNETT, AUSA

1) EMANUEL ISAC CELEDON
2) JOSE OSVALDO ZAPATA VASQUEZ
3) HOMERO ROMERO HERNANDEZ
4) BEATRIS GUADALUPE MARTINEZ

**CHARGES:**

Counts 1-4:    Bring or Attempt to Bring Undocumented Alien to the United States for Financial Gain [8 USC 1324(a)(2)(B)(ii) and 18 USC 2]

Notice of Forfeiture

**TOTAL COUNTS: 4**

**PENALTY:**

Count 1-2:    Not less than 3 years nor more than 10 years imprisonment and/or up to a $250,000.00 fine, $100 special assessment, $5,000 special assessment, not more than a 3-year term of supervised release, restitution.

Count 3-4:    **Penalty for any Subsequent Substantive Count of 8 USC 1324(a)(2)(B)(ii):** Not less than 5 years nor more than 15 years imprisonment and/or up to a $250,000.00 fine, $100 special assessment, $5,000 special assessment, not more than a 3-year term of supervised release, restitution.

Notice of forfeiture